**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Hever Alberto MENDOZA-LINARES, A213-209-821

Respondent

<div style="border:1px solid black">

**FILED**

Oct 20, 2021

</div>

ON BEHALF OF RESPONDENT: Brian C. Baran, Esquire

IN BOND PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Otay Mesa, CA

Before: Wilson, Appellate Immigration Judge

Opinion by Appellate Immigration Judge Wilson

WILSON, Appellate Immigration Judge

The respondent, a native and citizen of El Salvador, appeals from the Immigration Judge's decision dated January 15, 2021, denying his request for change in custody status. On March 4, 2021, the Immigration Judge issued a bond memorandum explaining his decision. The appeal will be dismissed.

We review findings of fact determined by an Immigration Judge, including credibility findings, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review questions of law, discretion, and judgment, and all other issues in appeals from decisions of Immigration Judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

We adopt and affirm the decision of the Immigration Judge. *Matter of Burbano,* 20 I&N Dec. 872, 874 (BIA 1994). The Immigration Judge determined that the Court lacked jurisdiction to consider the respondent's custody status because he was subject to mandatory detention pursuant to section 235(b)(l)(B)(iii)(IV) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(l)(B)(iii)(IV), as an alien in expedited removal proceedings (IJ at 1-2). *See Matter of X-K-,* 23 I&N Dec. 731, 734 (BIA 2005), *modified on other grounds by Matter of M-S-,* 27 I&N Dec. 509 (BIA 2019) (explaining that the Act provides for the mandatory detention of aliens subject to proceedings under section 235(b)(1) pending a final determination of credible fear of persecution and, if found to not have such a fear, until removed).[1]

---

[1] *Cf. Padilla v. ICE,* No.18-cv-00928-MJP (W.D. Wash. July 2, 2019) (issuing a nationwide injunction that mandated custody re-determination hearings notwithstanding *Matter of M-S)*; *Padilla v. ICE,* No.19-35565 (9th Cir. July 12, 2019) (staying the aforementioned injunction); *Padilla* v. *ICE,* 953 F.3d 1134, 1140-41, 1144-45 (9th Cir. 2020) (prohibiting application of *Matter of M-S-* on due process grounds). The Supreme Court subsequently vacated that decision and

A213-209-821

While we acknowledge the respondent's arguments attempting to distinguish his case,[2] we agree with the Immigration Judge that he lacked jurisdiction to redetermine the conditions of the respondent's custody status (Respondent's Br. at 1-18). *See Department of Homeland Security* v. *Thuraissigiam,* 140 S. Ct. 1959 (2020) (holding that statutory limitations on judicial review in cases involving aliens in expedited removal proceedings do not violate the Constitution).

The respondent also contends that the court erred in not considering the constitutional concerns at issue in his detention. However, neither the court nor this Board has the authority to consider constitutionality of the laws and regulations we administer. *Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997); *see also Matter of G-K-*, 26 I&N Dec. 88, 96-97 (BIA 2013). Moreover, detention pending the completion of removal proceedings is constitutionally valid. *See Demore vs. Kim*, 538 U.S. 510 (2003).

Accordingly, the following order will be entered.

ORDER:   The appeal is dismissed.

---

remanded for reconsideration.   *See ICE v. Padilla,* 141 S. Ct. 1041, 1041-42 (2021). The Ninth Circuit has not yet issued a new opinion.

[2] The respondent filed a petitioner for review and moved for a stay of removal. *Mendoza Linares* v. *Garland,* No. 20-71582 (9th Cir. June 8, 2020), ECF No. 1-5. The stay motion triggers a temporary stay pending the Court's decision. *Mendoza Linares,* No. 20-71582 (9th Cir. June 8, 2020), ECF No. 1 (citing 9th Cir. General Order 6.4(c)). The respondent's petition for review is still pending and the parties should notify the United States Court of Appeals for the Ninth Circuit of our decision on this motion.