# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hever Alberto Mendoza-Linares,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Merrick Garland, U.S. Attorney General, et al.,<br><br>　　　　　　Respondents. | Case No.: 21-cv-1169-BEN (AHG)<br><br>**ORDER** |

　　　Hever Alberto Mendoza-Linares, an alien, has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Petition is denied.

## BACKGROUND

　　　Mendoza-Linares is a native and citizen of El Salvador.  He has outstanding warrants for his arrest in El Salvador for Violation of Protective Order, Murder, and Rape.  On February 10, 2020, Mendoza-Linares entered the United States without being inspected or admitted by an Immigration Officer by jumping over the international border fence.  He was taken into DHS custody that same day.  On February 12, 2020, the DHS determined that Mendoza-Linares was inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i) and issued an expedited order of removal pursuant to 8 U.S.C. § 1225(b)(1).  He thereafter had a credible fear interview and an asylum officer determined that he had not established a reasonable fear of persecution or torture if he were to return

to El Salvador. Mendoza-Linares requested an Immigration Judge review the negative credible fear determination. On May 27, 2020, an Immigration Judge ordered that the negative credible fear determination be affirmed and entered a final order of removal against Mendoza-Linares. That was in the year 2020.

In January 2021, Mendoza-Linares was denied bond. Mendoza-Linares next contested the order of expedited removal by filing a petition for review with the Ninth Circuit Court of Appeals. He asked the appellate court to stay his removal while his appeal was pending. The Ninth Circuit granted his request to stay his removal. As a result, Mendoza-Linares remained in custody in the United States during the appellate proceedings rather than free outside the United States.

Eventually, Mendoza-Linares's petition for review was denied for lack of jurisdiction in October 2022. In a 66-page published decision, the Ninth Circuit concluded, "[a]s we have squarely held, 'judicial review of an expedited removal order, including the merits of a credible fear determination, is expressly prohibited by § 1252(a)(2)(A)(iii).' Moreover, as noted earlier, the exception in § 242(e) does not apply to the prohibition on judicial review in § 242(a)(2)(A)(iii). Because that jurisdictional bar in § 242(a)(2)(A)(iii) applies to the entirety of Mendoza-Linares's petition for review, we lack jurisdiction over it." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1155 (9th Cir. 2022) (citations omitted). In addition, the Ninth Circuit found that, "[b]ecause Mendoza-Linares has no colorable basis for invoking the very limited habeas jurisdiction in § 242(e)(2), the Southern District would lack jurisdiction over this matter, and a transfer to that court is not available." *Id*. at 1159. Mendoza-Linares sought rehearing *en banc*, but was denied. *Linares v. Garland*, 71 F.4th 1201 (9th Cir. 2023). Mendoza-Linares then requested a stay of the mandate.

The Ninth Circuit stayed its mandate on July 7, 2023 pending Mendoza-Linares's petition for writ of certiorari. Mendoza-Linares petitioned for a writ of certiorari. However, the Supreme Court denied Mendoza-Linares's petition for writ of certiorari

(*Mendoza-Linares v. Garland*, No. 23-606, 2024 WL 1706018, at *1 (U.S. Apr. 22, 2024)), and the Ninth Circuit's mandate has finally issued.

The Petition contends that Mendoza-Linares has been detained but has not been provided a bond hearing.  The Petition asserts claims for violation of Petitioner's due process rights in violation of the Fifth Amendment of the U.S. Constitution and a violation of the Eighth Amendment of the U.S. Constitution.[1]  Petitioner requests that the Court issue a writ of habeas corpus ordering either Petitioner's: (1) immediate release upon the Court's determination that his continued detention is not justified; or (2) release unless Respondents schedule a hearing before an immigration judge to determine whether Petitioner's detention pending removal is justified.

## LEGAL STANDARD

"U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  "Both provisions mandate detention until a certain point and authorize release prior to that point only under limited circumstances.  As a result, neither provision can reasonably be read to limit detention to six months." *Id*. at 301.  "In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id*. at 302.  "[T]he Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here." *Id*. at 312.

## ANALYSIS

Respondents contend that the Petition must be denied because Petitioner's detention does not violate the Fifth Amendment's due process clause.  Respondents assert

---

[1] To the extent the Eighth Amendment claim is premised on a claim of unconstitutional conditions of confinement, is not cognizable in habeas; accordingly, this Court lacks jurisdiction over such a claim.  *See, e.g.*, *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("We have long held that prisoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979) (footnote omitted).

that Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  That statute provides: "If the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution . . . , the alien *shall be detained* for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added); *see also Jennings*, 138 S. Ct. at 842 (noting that "§ 1225(b) . . . thus mandate[s] detention of applicants for admission until certain proceedings have concluded").  The Supreme Court recognizes that "nothing in the statutory text [of § 1225(b)] imposes a limit on the length of detention," and § 1225(b) "says [no]thing whatsoever about bond hearings." *Jennings*, 138 S. Ct. at 842.  The Supreme Court has further held that the one express exception to detention provided in 8 U.S.C. § 1182(d)(5)(A) -- which permits the Attorney General to temporarily parole, in limited circumstances, an inadmissible alien detained pursuant to § 1225(b)(1) -- "implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." *Id.* at 844 (emphasis in original) (citation omitted).

Accordingly, the Court finds that Petitioner has no Fifth Amendment right to a bond hearing pending his removal proceedings.  The only due process due an alien seeking admission to the United States is "those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1983 (2020).  The Ninth Circuit, applying the Supreme Court's holding in *Thuraissigiam*, has explicitly stated that, "[a]ccordingly, any rights [an inadmissible alien] may have in regard to removal or admission are purely statutory in nature and are not derived from, or protected by, the Constitution's Due Process Clause." *Mendoza-Linares*, 51 F.4th at 1167.  Ultimately, "[t]he recognized liberty interests of U.S. citizens and aliens are not coextensive: the Supreme Court has 'firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 522 (2003)).  Supreme Court and Ninth Circuit precedents are clear that Petitioner lacks any rights beyond those conferred by statute, and no statute entitles Petitioner to a bond hearing.  Moreover, the petition for review of the removal order

proceedings have run their course and Morales will soon be removed from the United States, if he has not been removed already. Accordingly, the Petition is without merit and is denied.

## CONCLUSION

In light of the foregoing, the Petition is denied. The Court need not issue a certificate of appealability in this case. *See Udom v. U.S. Immigr., Customs Enf't*, No. 11cv2699-IEG (NLS), 2012 WL 380135, at *4 (S.D. Cal. Feb. 6, 2012) (noting no certificate of appealability required for order denying § 2241 petition (citing *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997))).

**IT IS SO ORDERED.**

Dated:  June 10, 2024

_____
**HON. ROGER T. BENITEZ**
United States District Judge